UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BILLY PETERSON,<br><br>    Plaintiff,<br><br> v.<br><br>ORION INDUSTRIES, a Washington Nonprofit,<br><br>    Defendant. | Case No.<br><br>**PLAINTIFF'S COMPLAINT** |

**JURISDICTION AND VENUE**

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331 and 1367.  This action is authorized and instituted pursuant to 29 U.S.C. § 2617(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Washington of Seattle.

**PARTIES**

3. Plaintiff is a resident of the State of Washington.  He was formerly employed by Orion Industries, a Washington nonprofit.

COMPLAINT
CASE NO.
PAGE 1 OF 4

**SCOTT, KINNEY, FJELSTAD & MACK**
600 UNIVERSITY, SUITE 1928
SEATTLE, WA 98101-4178
TEL: (206) 622-2200
FAX: (206) 622-9671

4. At all relevant times hereto, Defendant Orion Industries has been a nonprofit entity continuously doing business in the state of Washington and, upon information and belief, has employed at least 50 employees within 75 miles of Defendant's workplace. Plaintiff had been employed by Defendant for at least 1,250 hours in the relevant previous year.

## FACTS

5. Plaintiff began working for Defendant in 2006. In July 2012, Plaintiff began having symptoms of illness. His blood pressure was very high, and he passed out at work one day. Initially Plaintiff's doctors were unable to determine the cause of Mr. Peterson's symptoms, but eventually they discovered that he had a severe infection in his leg.

6. As a result of his infection, Plaintiff needed to take time off work. Initially the shop supervisor, Randy Gilleland, encouraged Plaintiff to apply for FMLA leave, which he did. Plaintiff began using his FMLA leave to cover his illness-related absence. The FMLA leave was certified by Plaintiff's physician, Daniel Shelton, D.O.

7. While Mr. Peterson was on FMLA leave, Mr. Gilleland frequently called him to see when he would be returning to work. Mr. Peterson spoke to coworkers who told him that he would be fired if he did not return to work promptly. During these conversations Mr. Gilleland accused Mr. Peterson of being a liar and being on vacation.

8. Concerned about his job, Mr. Peterson attempted to return to work in July or August 2012. When he returned, Mr. Gilleland told Mr. Peterson that he would be supervised by an employee who had previously been Mr. Peterson's subordinate. Mr. Gilleland stated that he

COMPLAINT
CASE NO.
PAGE 2 OF 4

**SCOTT, KINNEY, FJELSTAD & MACK**
600 UNIVERSITY, SUITE 1928
SEATTLE, WA 98101-4178
TEL: (206) 622-2200
FAX: (206) 622-9671

was doing this as "punishment" and to show he was "doing something" about Mr. Peterson's absences.

9. After three days at work, Mr. Peterson's health worsened, and he began using his FMLA leave again.  He got medical certification from his doctor, which he tried to give to Mr. Gilleland.  Mr. Gilleland stated, "This means nothing to me," and ripped up the note.

10. Mr. Gilleland again began calling Mr. Peterson at home during his FMLA leave to find out when he would return to work.

11. Mr. Gilleland insisted that Mr. Peterson provide a "second opinion" with regard to his medical status, so Mr. Peterson underwent an examination with Khanh Nguyen, M.D.  On September 10, 2012, Mr. Peterson went to work at Orion to give Mr. Gilleland Dr. Nguyen's report and to discuss his FMLA leave status.  Mr. Peterson told Mr. Gilleland that he was trying to get better, and planned to come back to work as soon as he could.  Mr. Gilleland terminated Mr. Peterson's employment, telling him to "get the fuck out."

## CLAIMS

1. <u>Family and Medical Leave Act</u> (FMLA). Defendant's conduct in terminating Plaintiff's employment due to his illness-related absences from work constitutes violations of the Family and Medical Leave Act, 29 U.S.C. 2601 *et seq.*  As a proximate cause of Defendant's unlawful conduct, Plaintiff suffered loss of salary and benefits.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

1. That he have judgment against Defendant for all compensatory damages, including but not limited to, back and front pay and benefits;

COMPLAINT
CASE NO.
PAGE 3 OF 4

**SCOTT, KINNEY, FJELSTAD & MACK**
600 UNIVERSITY, SUITE 1928
SEATTLE, WA 98101-4178
TEL: (206) 622-2200
FAX: (206) 622-9671

2. That he be awarded double damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

3. That he be awarded prejudgment interest;

4. That the court award equitable relief, as appropriate;

5. That the court award attorney's fees and actual costs; and

6. For such other and further relief as this court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff Billy Peterson hereby requests a jury trial on all questions of fact raised by his complaint.

DATED this 9th day of September, 2014.

SCOTT, KINNEY, FJELSTAD & MACK

By   /s/ Donna L. Mack
   Donna Mack, WSBA #30875
   Scott, Kinney, Fjelstad & Mack
   Of Attorneys for Plaintiff
   600 University St., Ste. 1928
   Seattle, WA 98101-4178
   Phone: (206) 622-2200
   Fax: (206) 622-9671
   mack@skfmlaw.com

COMPLAINT
CASE NO.
PAGE 4 OF 4

**SCOTT, KINNEY, FJELSTAD & MACK**
600 UNIVERSITY, SUITE 1928
SEATTLE, WA 98101-4178
TEL: (206) 622-2200
FAX: (206) 622-9671