The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BILLY PETERSON,<br><br>Plaintiff,<br><br>v.<br><br>ORION INDUSTRIES, a Washington Nonprofit,<br><br>Defendant. | No. 2:14-cv-01391-MJP<br><br>**DEFENDANT ORION INDUSTRIES' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**JURY DEMAND** |

COMES NOW the Defendant Orion Industries, by and through its attorneys, Northcraft, Bigby & Biggs, P.C., and in answer to the Plaintiff's Complaint, admits, denies, and alleges as follows:

## JURISDICTION AND VENUE

1. In answer to paragraph 1 of Plaintiff's Complaint, Defendant admits the same.
2. In answer to paragraph 2 of Plaintiff's Complaint, Defendant admits the same.

## PARTIES

3. In answer to paragraph 3 of Plaintiff's Complaint, Defendant admits the same.
4. In answer to paragraph 4 of Plaintiff's Complaint, Defendant admits the same.

///
///

**DEFENDANT ORION INDUSTRIES' ANSWER TO PLAINTIFF'S COMPLAINT - 1 (2:14-cv-01391-MJP )**
w:\peterson-billy\pld\answer

**NORTHCRAFT, BIGBY & BIGGS, P.C.**
819 Virginia Street / Suite C-2
Seattle, WA 98101
*tel: 206.623.0229*
*fax: 206.623.0234*

**FACTS**

5. In answer to paragraph 5 of Plaintiff's Complaint, Defendant admits the first sentence. In answer to the second and third sentences Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of the paragraph and therefore denies the same. In answer to the fourth sentence Defendant denies that a leg infection was ever presented by Plaintiff as a medical condition in July, August, and September 2012. In further answer to the fourth sentence, Defendant lacks knowledge or information sufficient to form a belief about Plaintiff's doctors having difficulty with Plaintiff's diagnosis and therefore denies the same.

6. In answer to paragraph 6 of Plaintiff's Complaint, Defendant admits that Dr. Shelton appears to have certified that Plaintiff had gastroenteritis and that he needed to be off work from August 13, 2012 to August 21, 2012, and that he was eventually released back to work on September 10, 2012. Defendant further admits that Plaintiff received an FMLA packet to fill out. The balance of the paragraph is denied.

7. In answer to paragraph 7 of Plaintiff's Complaint, Defendant denies the first and third sentences. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence.

8. In answer to paragraph 8 of Plaintiff's Complaint, Defendant admits that Plaintiff was off work from August 13, 2012 until he returned on August 24, 2012. Plaintiff worked August 24, 27 and 28, 2012, and then did not return to work. The balance of the paragraph is denied.

9. In answer to paragraph 9 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence. The balance of the paragraph is denied.

10. In answer to paragraph 10 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

11. In answer to paragraph 11 of Plaintiff's Complaint, Defendant denies the same.

**DEFENDANT ORION INDUSTRIES' ANSWER**
**TO PLAINTIFF'S COMPLAINT - 2 (2:14-cv-01391-MJP )**
w:\peterson-billy\pld\answer

**NORTHCRAFT, BIGBY & BIGGS, P.C.**
819 Virginia Street / Suite C-2
Seattle, WA 98101
tel: 206.623.0229
fax: 206.623.0234

**CLAIMS**

1. In answer to paragraph 1 of Claims, Defendant denies the same.

**PRAYER FOR RELIEF**

1. The Defendant denies that the Plaintiff is entitled to the relief requested set forth in his prayer for relief.

**AFFIRMATIVE DEFENSES**

BY WAY OF FURTHER ANSWER AND AFFIRMATIVE DEFENSES, Orion Industries alleges as follows:

1. Some or all of the Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Some or all of the Plaintiff's injuries and damages as alleged thereby are not actionable because Plaintiff did knowingly, voluntarily and willingly assume the risk thereof.

3. Plaintiff has failed to mitigate his damages.

4. The Plaintiff's injuries and damages, if any, were caused by the acts of one or more persons over whom Defendant had no control, who were not the agents of the Defendant, and with whom Defendant was not acting in concert.

5. The Defendant had legitimate non-retaliatory reasons for all employment actions taken up to and including termination.

6. Statutory protection does not apply to Plaintiff due to his failure to comply with procedural requirements.

7. Defendant alleges that Plaintiff's damages, if any, were proximately caused in whole or in part by the acts and omissions of other parties, including the Plaintiff.

8. Defendant alleges that Plaintiff's recovery is barred or reduced by Plaintiff's comparative negligence.

///

///

**DEFENDANT ORION INDUSTRIES' ANSWER
TO PLAINTIFF'S COMPLAINT - 3 (2:14-cv-01391-MJP )**
w:\peterson-billy\pld\answer

**NORTHCRAFT, BIGBY & BIGGS, P.C.**
819 Virginia Street / Suite C-2
Seattle, WA 98101
tel: 206.623.0229
fax: 206.623.0234

1. 9. A nexus between the discharge and any alleged FMLA violations, if any, does not exist.

2. 10. Plaintiff was an at-will employee and as such could be terminated.

3. 11. Defendant did not have actual or constructive knowledge of the alleged discriminatory or harassing conduct.

4. 12. Plaintiff is barred from recovery by the doctrine of laches and/or unclean hands.

5. 13. Defendant asserts any and all applicable defenses available to it under the applicable statutory law.

The Defendant reserves the right to amend its Answer to assert additional affirmative defenses including, but not limited to, affirmative defenses which arise based upon the discovery of evidence in this case and/or based upon the testimony and evidence presented in the trial of this matter.

WHEREFORE, having fully answered the allegations contained in Plaintiff's Complaint, Defendant prays that said Complaint be dismissed with prejudice, that the costs of this proceeding be taxed against the Plaintiff, that Defendant be afforded the relief requested, and that Defendant have such other and further relief as the Court deems just and equitable.

DATED this 9th day of October, 2014.

/s/ Aaron D. Bigby
Aaron D. Bigby, WSBA #29271
Northcraft, Bigby & Biggs, P.C.
819 Virginia Street, Suite C-2
Seattle, WA 98101
Telephone: (206) 623-0229
Facsimile: (206) 623-0234
E-mail: aaron_bigby@northcraft.com
Attorney for Defendant

**DEFENDANT ORION INDUSTRIES' ANSWER
TO PLAINTIFF'S COMPLAINT - 4 (2:14-cv-01391-MJP )**
w:\peterson-billy\pld\answer

**NORTHCRAFT, BIGBY & BIGGS, P.C.**
819 Virginia Street / Suite C-2
Seattle, WA 98101
tel: 206.623.0229
fax: 206.623.0234

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Donna L. Mack
mack@skf-law.com
winningham@skf-law.com

SIGNED in Seattle, Washington on October 9, 2014.

/s/ Michelle A. Tomczak
Michelle A. Tomczak
Legal Assistant
Northcraft, Bigby & Biggs, P.C.
819 Virginia Street, Suite C-2
Seattle, WA 98101
Telephone: (206) 623-0229
Facsimile: (206) 623-0234
E-mail: michelle_tomczak@northcraft.com

**DEFENDANT ORION INDUSTRIES' ANSWER
TO PLAINTIFF'S COMPLAINT - 5 (2:14-cv-01391-MJP )**
w:\peterson-billy\pld\answer

**NORTHCRAFT, BIGBY & BIGGS, P.C.**
819 Virginia Street / Suite C-2
Seattle, WA 98101
tel: 206.623.0229
fax: 206.623.0234